# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| **RODNEY JACKSON** | **CIVIL ACTION NO. 08-482-P** |
| **VERSUS** | **JUDGE HICKS** |
| **SHREVEPORT POLICE DEPARTMENT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Rodney Jackson ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on April 4, 2008. Plaintiff is incarcerated at the Rapides Parish Work Release Facility in Alexandria, Louisiana. He names the Shreveport Police Department, the State of Louisiana, Judge Michael Walker, Assistant District Attorney Jason Brown, Attorney Stan Lockhard, and Officer D.D. Adams as defendants.

Plaintiff claims that on April 5, 2006, he and Doris Edwards attempted to exit a Shreveport business with stolen merchandise. He claims security officer Phillip L. Samuel approached him and told him that he could not leave. He claims Samuel then grabbed and shoved him. Plaintiff claims the knife which he carried on his side began to stick him and he had no choice but to remove it. He claims Samuel grabbed the blade and they fell to the

floor.  He claims four other people then pulled him to the floor.  He claims Samuel still had the blade and he had the handle of the knife.  He claims Samuel bent the blade until it broke. Plaintiff admits that he bit Samuel's elbow because he was bending his fingers.

Plaintiff claims he was detained with his face pointed to the floor and was unable to move until officers from the Shreveport Police Department arrived.  He claims the officers did not see him cut or stab Samuel, but stated in the incident report that he physically resisted, pulled a knife and cut Samuel.  He claims excessive force was applied to his arms, head, and legs.  Plaintiff claims he was told that he would be imprisoned for a long time if he did not take an AIDS test.

Plaintiff claims that Shreveport Police Department Officer Adams wrote a false report and as a result he was charged with aggravated battery and subjected to double jeopardy. Plaintiff claims the report failed to include that he refused an AIDS test.  He claims he was charged with aggravated battery even though it was impossible for him to have cut or stabbed the victim while he was detained.  He further claims the Shreveport Police Department failed to investigate the circumstances surrounding the incident, including the fact the victim was treated only for a small cut on his finger caused by bending the knife.

Plaintiff claims his civil rights were violated during his criminal trial proceedings by the trial court judge, the prosecutor and his attorney.   Plaintiff pleaded guilty to aggravated battery on May 15, 2006.  He claims the aggravated battery statute is unconstitutional.  He claims the trial court exceeded its jurisdiction.  He claims his attorney Stan Lockhard provided him with ineffective assistance of counsel.  He claims his attorney waived

arraignment because he wanted him to plead guilty.  He claims that he did not waive his rights at his general appearance.  He further claims he was not advised of the nature of the charge against him.  He claims the prosecutor failed to disclose evidence.  He claims Judge Michael Walker informed him prior to his guilty plea that he considered his charges to be very serious.  He claims Judge Walker's conduct intimidated him and he was unable to communicate.  He claims his attorney failed to object to this statement.  He claims the evidence used to convict him was illegally obtained.  He further claims his attorney failed to object or file a motion to reconsider sentence.  Plaintiff claims he is innocent and the conviction was obtained in violation of his rights.

Plaintiff claims that while imprisoned, he was housed in solitary confinement.  He claims he was placed in solitary confinement for the wrong reasons.  He claims he was deprived of his civil rights and suffered physical injuries while in solitary confinement. Plaintiff claims that while imprisoned at Caddo Correctional Center from April 25, 2006 until May 18, 2006, he was housed in the mental health department because he was suicidal, depressed and nervous.  Plaintiff claims his confinement for a crime he did not commit caused him to suffer these disorders.  He claims that while in the mental health department, he received no treatment.  He claims he was then transferred to the Franklin Parish Correctional Center and placed on suicide watch from July 16, 2006 until August 2, 2006. He claims he was then transferred on August 2, 2006 to the Forcht Wade Correctional Center where he received proper medical treatment for his chemical imbalance until August 25, 2006.  He claims he was then transferred to Winn Correctional Center where he received

three antidepressants for his mood and anxiety disorders.  He claims he also received counseling and therapy.

Accordingly, Plaintiff seeks damages, monetary compensation, dismissal from solitary confinement, a declaratory judgment, and injunctive relief.

## LAW AND ANALYSIS

**Prescription**

In <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims.  The Court determined that "§ 1983 claims are best characterized as personal injury actions" and that the forum state's statute of limitations applicable to such claims should be used.  <u>Id.</u> at 280.  In <u>Gates v. Spinks</u>, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals stated: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." <u>Gates</u>, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions.  The article subjects delictual actions to a liberative prescription of one year.  <u>See</u> La. C.C. art. 3492 (West 1985).  The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." <u>Watts v. Graves</u>, 720 F.2d 1416, 1417 (5th Cir. 1983).  Also, prescription on the claim is tolled while the administrative remedy procedure is pending.  <u>See</u> <u>Harris v.</u>

Hegmann, 198 F.3d 153 (5th Cir. 1999).

Plaintiff complains that he was the victim of excessive force on April 5, 2006.  Thus, prescription began to run as to these claims in April 2006.  The above entitled and numbered complaint was not signed by Plaintiff until March 24, 2008, and it was not filed by the Clerk of Court until April 4, 2008.  Plaintiff's claims regarding excessive force are therefore prescribed.

Plaintiff complains that he was housed in solitary confinement while imprisoned and received no mental health treatment.  The time period about which he complains began on April 25, 2006 and ended on August 2, 2006.  The above entitled and numbered complaint was not signed by Plaintiff until March 24, 2008, and it was not filed by the Clerk of Court until April 4, 2008.  Plaintiff's claims regarding solitary confinement and denial of treatment are therefore prescribed.

Accordingly, these claims should be dismissed as frivolous.

**Heck Claim**

Plaintiff is also seeking monetary damages and declaratory and injunctive relief for an alleged unconstitutional conviction and sentence.  The United States Supreme Court held that in order to recover monetary damages for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994).  Courts have also extended the holding in Heck to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C. § 1983.  See Edwards v. Balisok, 520 U.S. 641,648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Clark v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998).  Heck involved a civil rights claim brought by a state prisoner.  The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.   When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit.  See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages and injunctive and declaratory relief for civil rights violations under Section 1983; therefore, he must prove that his conviction or sentence has been invalidated.  He has not met this precondition and his claims must be dismissed until such time that he can demonstrate that his conviction or sentence has been invalidated.

**Judge Michael Walker**

Plaintiff claims Judge Michael Walker violated his civil rights.  He claims Judge Walker intimidated him when he informed him that he considered the charges to be very serious.  Plaintiff cannot establish his claims against Judge Michael Walker.  It is well

Page 6 of  11

established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith.  Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978).  Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge.  Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982).  The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties.

Accordingly, Plaintiff's civil rights claims against Judge Michael Walker should be dismissed as frivolous.

**Assistant District Attorney Jason Brown**

Plaintiff claims Assistant District Attorney Jason Brown violated his civil rights.  He claims Jason Brown failed to disclose evidence.  Prosecutors have absolute immunity when acting in a quasi-judicial mode.  Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988).  The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability.  Geter, 849 F.2d at 1552.  Absolute immunity is immunity from suit rather than from liability.  Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985).  The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability."  Id. at 1478.

The conduct challenged unequivocally falls within the authority of Assistant District Attorney Jason Brown as a quasi-judicial officer of the court and in the ordinary exercise of his quasi-judicial duties. Accordingly, Plaintiff's civil rights claims against Assistant District Attorney Jason Brown should be dismissed as frivolous.

**Attorney Stan Lockhard**

Plaintiff claims his attorney Stan Lockhard violated his civil rights. He claims his attorney Stan Lockhard provided him with ineffective assistance of counsel.

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state. They serve a private function for their client that follows from the very nature of the attorney-client relationship and for which no state office or authority are needed. Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. See Polk County v. Dodson, 454 U.S. 312 (1981); Ellison v. DeLa Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (citing Polk County, supra); United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976); Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Mills

v. Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988)(citing Nelson, supra).

Accordingly, Plaintiff's civil rights claims against Stan Lockhard should be dismissed as frivolous.

**Solitary Confinement**

As relief, Plaintiff seeks to be dismissed from solitary confinement.  This is not a claim that this Court can resolve.  Federal courts should not, under the guise of enforcing constitutional standards, assume the superintendence of state prison administration.  See Jones v. Diamond, 636 F.2d 1364, 1368 (5th Cir. 1981) (en banc) (overruled on other grounds).  Thus, this Court accords state prison administrators wide-ranging deference to adopt and to execute policies and practices that are needed to maintain and preserve order, discipline and security in prison.  See Bell v. Wolfish, 441 U.S. 520, 547 (1979).

The classification of prisoners is such a practice that is left to the discretion of prison officials.  See McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990).  "It is well settled that '[p]rison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status'." McCord, 910 F.2d at 1250 (quoting Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983)).

In Louisiana, the classification of prisoners is the duty of the Department of Corrections and an inmate, such as Plaintiff, has no right to a particular classification.  In addition, "speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 299 n.8, 96 S. Ct. 2532, 2540 n.8 (1976)).

Thus, the prison officials' decision to place Plaintiff in solitary confinement and the resulting consequences of such decision do not give rise to constitutionally protected liberty interests. Plaintiff's claims with respect to his classification are frivolous because they lack an arguable basis in law and in fact.

Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims against Judge Michael Walker, Assistant District Attorney Jason Brown, and Attorney Stan Lockhard and Plaintiff's claims regarding excessive force, his classification, and the conditions of his confinement be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e); and

**IT IS FURTHER RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages and injunctive and declaratory relief for his alleged unconstitutional conviction and sentence be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 19 day of July 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE